[Civ. No. 8181. First Appellate District, Division One.—January 22, 1932.]

DEMETRY THEODOS, Respondent, v. VANGEL THEODOS et al., Appellants.

Ford & Johnson for Appellants.

Harry I. Stafford for Respondent.

TYLER, P. J.—Action for partition of certain real estate.

It was agreed between the parties that the property could not be partitioned in kind and it was sold by a referee for the sum of $20,000.

The present controversy has to do with the disposition of the proceeds of such sale. The parties to the action are brothers. For a number of years they lived together in the same household. The property in controversy was acquired by them by purchase during such period. The deed was taken in the name of defendant Vangel Theodos, but it is admitted that the brothers owned the property as tenants in common. In the acquisition of the same, certain sums were borrowed from the Bank of Italy. After the property was acquired plaintiff Demetry Theodos turned over his earnings to his brother, who deposited the money as it was received in the bank in their joint names. No books were ever kept between them, nor any record of their respective contributions and charges. Defendant Vangel Theodos managed the property, paid all the expenses and collected the rents which, together with their earnings, paid off the encumbrance and the cost of improvements. Thereafter, plaintiff demanded that defendant convey to him his one-half interest. Defendant at this time claimed that he had advanced certain sums on account of the purchase price and also for improvements, taxes and other expenses in connection with the property, for which he should be reimbursed. Plaintiff disputed this claim. The question was referred to a brother of the parties and there is evidence to show the conclusion was reached that neither of the parties to the action was indebted to the other. After this settlement was made defendant executed a deed conveying to plaintiff an undivided

one-half interest in the property. ■ Thereafter plaintiff filed a suit in partition. In his answer defendant claimed that plaintiff was indebted to him for money advanced at plaintiff's special instance and request, and for the reasonable value of work and labor in the management and upkeep of the property, and for other items totaling the sum of $8,370.25, which defendant claimed should be a lien on the proceeds of the sale in favor of defendant.

The trial court found that plaintiff was not indebted to defendant in any sum. The findings are fully supported by the evidence. A review of the same would answer no useful purpose.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.